Kevin F. McCoy
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LOWELL SCOTT JOHNSON,<br><br>Defendant. | NO. 3:06-cr-00063-RRB<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COUNT 2** |

**I.     Introduction.**

On January 17, 2006, Alaska State Trooper James K. Kimura encountered Lowell Johnson near Mile 65 of the Parks Highway near a Chevrolet pickup truck that had been towing an enclosed snow machine trailer.  Trooper Kimura handcuffed Mr. Johnson and placed him in the back of his patrol car.  A subsequent search at the scene revealed two handguns on the front seat of the Chevrolet.  Trooper Kimura seized the two weapons and arrested Mr. Johnson for being a felon in possession.

On July 18, 2006, the federal grand jury returned a true bill to an indictment charging Mr. Johnson with being a felon in possession in violation of 18 U.S.C. § 922(g)(1) (Count 1) and

seeking forfeiture of two handguns pursuant to 18 U.S.C. § 924(d)(1) (Count 2). This motion seeks dismissal of Count 2 because more than 120 days have elapsed since the two handguns at issue were seized.

## II.   Criminal Weapon Forfeiture Proceedings Must Be Commenced Within 120 Of The Seizure.

Title 18 U.S.C. § 924(d)(1) provides for the criminal forfeiture of weapons that are involved in a violation of 18 U.S.C. § 922(g). In particular, this statute requires that "[a]ny action or proceeding for the forfeiture of firearms or ammunition shall be commenced within one hundred and twenty days of" the seizure of the firearms or ammunition at issue. In the present case, the weapons alleged in the indictment were seized on January 17, 2006. However, the government failed to initiate criminal forfeiture proceedings until July 18, 2006. Because the forfeiture proceedings in this instance were not commenced within the time limit prescribed by Congress, Count 2 must be dismissed.

*United States v. Posey*, 217 F.3d 282 (5th Cir. 2000) is illustrative. Mr. Posey was charged and convicted of growing marijuana. The indictment did not allege a weapons forfeiture count. However, at the end of the case, the government asked that the weapon at issue be disposed of in accordance with 18 U.S.C. § 3665, which provides for the disposal of weapons possessed by convicted felons. The *Posey* court rejected the government's disposal request with the following comment.

> Nor did the government institute forfeiture proceedings under 26 U.S.C. §§ 7321-28 and 18 U.S.C. § 924(d)(1) within 120 days of seizure of the property. Because the government failed to follow the plain language of any of these statutory requirements, the government

       was not entitled to an order disposing of the property pursuant to 18 U.S.C. § 3665.

*Id.*

       In the present case, the forfeiture proceeding was not commenced within 120 of January 17, 2006. Consequently, Count 2 should be dismissed.

       DATED at Anchorage, Alaska this 21st day of August 2006.

       Respectfully submitted,

       s/Kevin F. McCoy
       Assistant Federal Defender
       601 West Fifth Avenue, Suite 800
       Anchorage, AK 99501
       Phone:    907-646-3400
       Fax:    907-646-3480
       E-Mail:    kevin_mccoy@fd.org

Certification:
I certify that on August 21, 2006,
a copy of the ***Memorandum of Law in Support of Motion to Dismiss Count 2*** was served electronically on:

David A. Nesbett
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK 99513-7567

s/Kevin F. McCoy