Kevin F. McCoy
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>LOWELL SCOTT JOHNSON,<br><br>　　　　　Defendant. | NO. 3:06-cr-00063-RRB<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR BILL OF PARTICULARS AS TO COUNT 2** |

**I.     Introduction.**

　　　　A grand jury for the District of Alaska returned a true bill to a two-count indictment charging Lowell Johnson with being a felon in possession in violation of 18 U.S.C. § 922(g) (Count 1) and criminal forfeiture in violation of 18 U.S.C. § 924(d)(1) (Count 2).  Count 2 seeks forfeiture of "all firearms and ammunition involved in or used in the commission fo the offense, including but not limited to one Hi-Point .40 caliber semiautomatic handgun, model JPC, serial number X722649, and one Bryco Arms 9mm caliber semiautomatic handgun, model Jennings Nine, serial number 516230."

Section 924(d)(1) provides for forfeiture of "[a]ny firearms used in knowing violation of [18 U.S.C. § 922(g)]" This matter is now before the court on Mr. Johnson's motion for a bill of particulars as to Count 2.

## II.    The Government Should Be Required To File A Bill Of Particulars As To Count 2.

Fed.R.Crim.P. 7(c)(1) requires an indictment to "be a plain, concise and definite written statement of the essential facts of the offense charged." Ordinarily, an indictment will withstand a motion to dismiss "if it contains the elements of the charged offense in sufficient detail (1) to enable the defendant to prepare his defense; (2) to ensure him that he is being prosecuted on the basis of facts presented to the grand jury; (3) to enable him to plead double jeopardy; and (4) to inform the court of the alleged facts so that it can determine the sufficiency of the charge." *United States v. Rosi*, 27 F.3d 409, 414 (9th Cir. 1994).

Fed.R. Crim.P. 7(c)(2) provides that:

> No judgment of forfeiture may be entered in a criminal proceeding unless the indictment or the information provides notice that the defendant has an interest in property that is subject to forfeiture in accordance with the applicable statute.

Although Count 2 recites some of the elements contained in 18 U.S.C. § 924(d)(1), it fails to allege that he has an interest in the two listed firearms and fails to identify what other firearms and ammunition not otherwise identified that the government is seeking to forfeit. Accordingly, Count 2 is insufficient to meet the purposes of Fed.R.Crim.P. 7(c)(1) and (2). This is because the indictment fails to (1) allege that Mr. Johnson has an interest in the two firearms, (2) does not enable the defendant to prepare his defense as to firearms and ammunition not expressly

included in the indictment; (3) does not assure that he is being prosecuted on the basis of facts presented to the grand jury; (4) there is no basis in the indictment for asserting a double jeopardy claim should that ever be necessary; and (5) there is no basis for the court to independently determine the sufficiency of the charge.

Taken as a whole, the allegations in Count 2 are too vague to enable Mr. Johnson to prepare his defense and avoid or minimize the danger of surprise at trial as to Count 2.

Fed.R.Crim.P. 7(f) provides:

> The court may direct the filing of a bill of particulars. A motion for a bill of particulars may be made before arraignment or within 10 days after arraignment or at such later time as the court may permit. A bill of particulars may be amended at any time subject to such conditions as justice allows.

A Fed.R.Crim.P. 7(f) bill of particulars has several purposes. *United States v. Giese*, 597 F.2d 1170 (9th Cir. 1979). A bill of particulars is designed:

> . . . to inform the defendant of the exact nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar to another prosecution for the same offense when the indictment itself is too vague and indefinite for such a purpose.

*Id.* at 1180.

Mr. Johnson readily understands that in certain circumstances, a vague and indefinite indictment can be saved if the government provides discovery regarding the exact circumstances of the allegations contained in the indictment. *United States v. Ayers*, 924 F.2d 1468, 1484 (9th Cir. 1991). In this instance, the government has provided no information which identifies which weapons and which firearms not listed in the indictment are subject to forfeiture.

### III.   Conclusion.

      Mr. Johnson asks the court for an order directing the government to provide a detailed bill of particulars which informs him of precisely which weapons and which ammunition not listed in the indictment the government contends is subject to forfeiture in this case. As it stands now, Mr. Johnson is left to guess at the government's view of which weapons and which ammunition not expressly identified in the indictment are subject to forfeiture under 18 U.S.C. § 924(c)(1). For these reasons, a bill of particulars is appropriate.

      DATED at Anchorage, Alaska this 21st day of August 2006.

      Respectfully submitted,

s/Kevin F. McCoy
Assistant Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone:   907-646-3400
Fax:   907-646-3480
E-Mail:   kevin_mccoy@fd.org

Certification:
I certify that on August 21, 2006,
a copy of the *Memorandum of Law in Support of Motion for Bill of Particulars as to Count 2* was served electronically on:

David A. Nesbett
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

s/Kevin F. McCoy