NELSON P. COHEN
United States Attorney

DAVID A. NESBETT
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-6306
Fax: (907) 271-1500
E-mail: david.nesbett@usdoj.gov
Alaska Bar # 9811075

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:06-CR-0063-RRB |
| | ) | |
| Plaintiff, | ) | |
| | ) | GOVERNMENT'S |
| vs. | ) | SENTENCING |
| | ) | MEMORANDUM |
| LOWELL SCOTT JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

      COMES NOW the United States Attorney's Office, by and through counsel, and respectfully submits this Sentencing Memorandum regarding the defendant, LOWELL SCOTT JOHNSON, who is scheduled to be sentenced on December 1, 2006.  For the reasons provided below, the government for the most part concurs with the recommendations made by the final presentence report ("PSR"), and recommends a sentence at the low end of the range of 92-115 months.

I. BACKGROUND

On September 20, 2006, the defendant pled guilty to the following count of the Indictment: felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The defendant also admitted to Count 2 of the Indictment, criminal forfeiture, in accordance with 18 U.S.C. § 922(d)(1). During his plea colloquy, Johnson, who had previously been convicted of a felony, admitted that in January of 2006 he possessed two firearms. The firearms had been transported in interstate commerce.

II. SENTENCING CALCULATION

A. Statutory Maximum Sentence

The maximum sentence that may be imposed on the defendant for Count 1 of the Indictment is ten (10) years imprisonment, a $250,000 fine, three (3) years of supervised release, and a $100 special assessment.

B. Sentencing Guidelines Calculation

The guideline imprisonment range pursuant to the United States Sentencing Guidelines should be 92-115 months.

III. GOVERNMENT'S SENTENCING RECOMMENDATION

The government respectfully recommends that the court impose a sentence at the low-end of the range or 92 months.

1.     Two-Level Enhancement for Three or More Firearms

The sentence calculated in the PSR includes a two-level enhancement to the base offense level because, in addition to the two firearms Johnson possessed at the time of his arrest, he also pawned a handgun at Southside Trader & Pawn on December 8, 2005.

Pursuant to USSG § 2K2.1(b)(1)(A), if the offense involved between three and seven firearms, a two-level enhancement is applied to the base offense level. The offense as charged in the Indictment, however, only contemplates the two firearms found in the vehicle Johnson was driving at the time of his arrest. Had Johnson been charged with being a felon in possession of the pawned firearm, it likely would have been charged as a separate count. In the event that he would have been charged with a separate count, the two-level enhancement would not have applied because the offense charged would have involved two firearms in Count 1 and one firearm in Count 2. Ultimately, because all three firearms were not possessed during the offense charged in Count 1, the government respectfully suggests that the two-level enhancement should not apply and, thus, the correct adjusted offense level should be 23.

2.     Johnson's Criminal History Category Calculation

In the plea agreement, the parties calculated Johnson's number of criminal

history points to fall with a Category III.  Johnson's criminal history category as calculated in the PSR is a Category VI and, thus, the parties appear to have been mistaken.  However, as set forth in section V.B. of the plea agreement, the defendant is reminded that the calculation in the plea agreement is only an estimate.  The court may find the defendant's criminal history to be higher than the estimate of the parties.  A different criminal history category determination is not a basis upon which either of the parties can withdraw from the plea agreement.  The PSR has included with a more thorough criminal history check convictions that the parties were not aware of.  The government's position is that a criminal history Category VI as calculated in the PSR is the correct category to consider.  With an adjusted offense level of 23 and a criminal history Category VI, a sentencing range of 92-115 months is appropriate.

When considering the sentencing factors in 18 U.S.C. § 3553, therefore, a sentence of 92 months is appropriate.  Such a sentence would recognize the seriousness of defendant's offense conduct, afford adequate deterrence to future criminal conduct and, meanwhile, protect the public from further crimes of the defendant.

The government recommends that the defendant be sentenced as follows:

(1)     **92  months in custody**;

(2)   **No fine is requested** due to the defendant's inability to pay;

(4)   **A three (3) year period of supervised release,** and

(5)   **A special assessment in the amount of $100.00** is, of course, required.

RESPECTFULLY SUBMITTED this 27th day of November, 2006, in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/ David A. Nesbett
Special Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-6306
Fax: (907) 271-1500
E-mail: david.nesbett@usdoj.gov
Alaska Bar # 9811075

**CERTIFICATE OF SERVICE**

I hereby certify that on November 27, 2006, a copy of the foregoing was served electronically on:

Kevin McCoy

s/ David A. Nesbett